# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WESLEY I. JOHNSON,**
**D.O.C. #055448,**

    Plaintiff,

vs.                              Case No. 4:23cv273-MW-MAF

**OFFICER RAYNARD, et al.,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a pro se prisoner incarcerated in the Florida Department of Corrections. He was granted leave to proceed in forma pauperis, ECF No. 8, and after review of the second amended complaint, ECF No. 11, service was directed on the only named Defendant[1] - Correctional Officer Raynard. ECF No. 16. Defendant Raynard filed a motion to dismiss, ECF No. 27, on April 5, 2024, raising failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), and that Eleventh Amendment immunity bars

---

[1] Plaintiff lists three nurses as Defendants as well, but their identities are unknown to Plaintiff at the present time. ECF No. 11. Obviously, service cannot be directed on unidentified defendants.

Plaintiff's claim against the Defendant in his official capacity.  ECF No. 27. Plaintiff was given until **May 14, 2024**, to respond to Defendant's motion, ECF No. 28, but he has already filed his opposition.  ECF No. 29.  Accordingly, the motion to dismiss is ready for a ruling.

**Standard of Review**

The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement."  Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)).  Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter."  Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process."  Turner, 541 F.3d at 1082 (citation omitted).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true."  *Id.*  "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id.*  (citing to Bryant, 530

Page 3 of 17

F.3d at 1373-74).  'If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373–74, 1376).[2]  The burden of proof for evaluating an exhaustion defense rests with the defendant.  Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Turner, 541 F.3d at 1082-83.

**Allegations of Plaintiff's Complaint, ECF No. 11**

Plaintiff allege that while he was incarcerated at Gulf Correctional Institution on July 15, 2022, he suffered a stroke.  *Id.* at 9.  He was taken to the infirmary on a gurney, but two of the nurses said nothing was wrong with him and said to take Plaintiff back to his dorm.  When Plaintiff could not walk to his dorm, he was placed in a strip cell.  On the morning of July

---

[2] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376.

13, 2022,[3] Defendant Raynard came to Plaintiff's cell and ordered Plaintiff to get his "old ass up." ECF No. 11 at 10. Plaintiff said he could not move, and Defendant Raynard "began stomping on the plaintiff's right arm, leg, and shoulder, ordering him to get up." *Id.* When Plaintiff responded angrily and disrespectfully to the Defendant, Plaintiff alleges that the Defendant then "repeatedly punched" him on "the right side of his face." *Id.*

Plaintiff said that he suffered "contusions and lacerations to his right arm, right leg, right shoulder and upper back, face, and head from" Defendant Raynard's beating. *Id.* Plaintiff alleged that he was able to shower and dress with the assistance of another sergeant, his injuries were documented, and he was transported to an outside hospital by ambulance. *Id.* at 11. Plaintiff contends that he "exhausted his administrative remedies with respect to all claims and defendants, except where doing so would have been fruitless." *Id.*

Plaintiff sued the Defendant in both his official and individual capacities. ECF No. 11 at 3. As relief, Plaintiff seeks a declaratory judgment, compensatory damages of $250,000.00 from Defendant

---

[3] This date is unclear because it is two days after Plaintiff went to the infirmary. Either the date of Plaintiff's alleged stroke is wrong, or the date the Defendant came into the strip cell is wrong. ECF No. 11 at 9-10.

Raynard, and punitive damages of $50,000.00 from Defendant Raynard. *Id.* at 15.

**Exhaustion**

Defendant's motion to dismiss points out that § 1997e(a) requires prisoners to complete the administrative grievance process in compliance with prison's regulations before filing a civil rights complaint. ECF No. 27 at 3. In Florida, that means a prisoner must file an informal grievance, followed by a formal grievance, and then an appeal to the Secretary's Office. *Id.* at 3-4. Defendant states that Plaintiff "made "no specific factual allegation of his exhaustion" steps in the second amended complaint. *Id.* at 3. Defendant states that Plaintiff did not complete any of the three-steps necessary for exhaustion and, furthermore, claims that "[t]he subject incident allegedly occurred June 11, 2022," but Plaintiff's grievance record shows no grievances were filed during that time frame. *Id.* at 4. Defendant has presented an exhibit which reveals Plaintiff's only grievance was filed on March 27, 2023, and was denied. *Id.* at 8.

**Analysis**

In enacting the Prison Litigation Reform Act, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section

1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement of § 1997e(a) is mandatory.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); Bryant, 530 F.3d at 1374 n.10.  Courts lack discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000).

A prisoner must comply with the process set forth and established by the State's grievance procedures.  *See* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  Thus, § 1997e(a) of the PLRA requires "proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed

requirements). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" Jones, 549 U.S. at 218, 127 S. Ct. 910 (quoted in Parzyck v. Prison Health Servs., Inc., 627 F.3d 1215, 1217-18 (11th Cir. 2010)).

Factual disputes concerning exhaustion may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1373-74, 1376. When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs, "which permits courts to hear evidence outside of the record on affidavits submitted by the parties." Id. at 1377, n.16. Further, a credibility finding may be made after review of the relevant documentary evidence. Id.

Plaintiff is housed within the Florida Department of Corrections which has an administrative grievance program, FLA. ADMIN. CODE R. 33-103. The Department's process outlines that an inmate must proceed through a three-step grievance process. The grievance process also imposes certain time limits. Rule 33-103.011 requires that an informal grievance "[m]ust be received within 20 days of when the incident or action being grieved occurred unless the inmate" has obtained approval for an extension of

time.  FLA. ADMIN. CODE R. 33-103.011(1)(a).  A formal grievance "[m]ust "be received no later than 15 calendar days from . . . [t]he date on which the incident or action being grieved occurred if an informal grievance was not filed . . . ."  FLA. ADMIN. CODE R. 33-103.011(1)(b).  A grievance appeal "[m]ust be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate."  FLA. ADMIN. CODE R. 33-103.011(1)(c).

First, Defendant's motion indicates there is confusion about when the incident occurred.  Plaintiff's complaint alleged that Defendant Raynard assaulted him on July 13, 2022, not in June 2022 as stated by the Defendant.

Second, as noted above, Plaintiff is not required to present factual allegations concerning exhaustion.  The Supreme Court has made clear that "failure to exhaust is an affirmative defense under the PLRA."  Jones, 549 U.S. at 216, 127 S. Ct. at 921.  Thus, the burden of proof for evaluating an exhaustion defense rests on the defendant.  *Id.*; *see also* Turner, 541 F.3d at 1082.

Third, Defendant submitted Exhibit A as the "grievance record" for Plaintiff.  ECF No. 27 at 4, 8.  Defendant contends that there were "no

grievances or appeal[s] within" the relevant time frame. *Id.* at 4.  The exhibit submitted by the Defendant shows grievances filed by Plaintiff beginning on July 1, 2022.  *Id.* at 8.  Only one grievance was listed - having been filed on March 27, 2023.  *Id.*  It does not appear that the grievance concerns the events at issue in this case as the category for the grievance was listed as "management/security."  *Id.*  If the grievance did concern the actions of Defendant Raynard, it would not have been timely.  Moreover, Plaintiff did not appeal the denial of that grievance as required.  *Id.*  That grievance lends support to find that Plaintiff did not exhaust administrative remedies.

However, Plaintiff responded to Defendant's motion by stating that he attempted to exhaust administrative remedies while housed in the infirmary at Calhoun Correctional Institution on Thursday, July 23, 2022.  ECF No. 29 at 2.  Plaintiff said that he submitted an informal grievance about Defendant Raynard's actions.  *Id.*  Plaintiff then said that he submitted a second informal grievance on Tuesday, August 10, 2022, presenting "much the same" information as the first grievance.  *Id.*  However, he was moved later that day to Wakulla Correctional Institution Annex.  *Id.*  Plaintiff said while there, he filed two informal grievances on August 24, 2022; one was

addressed to the warden at Wakulla C.I., and the other was addressed to the warden at Gulf C.I. *Id.* Plaintiff said he "detailed" the way he was treated by Defendant Raynard, but never "received any reply - nothing" to his grievances. Plaintiff says that he "can only guess" that officials "dead ended these grievances" since he attempt to file them at 3 institutions. *Id.* at 2.

Under Turner's two step process, the Court is required to accept Plaintiff's version of the facts as true concerning exhaustion because they conflict with Defendant's version. Turner, 541 F.3d at 1082. Defendant argued that Plaintiff did not file any grievances in 2022 concerning this event, but Plaintiff said he filed four grievances. There is a dispute as to this issue, but Plaintiff's version of the facts must be accepted as true. 541 F.3d at 1083. Accepting that, Plaintiff has shown he attempted to exhaust the grievance process.

The remaining question to be answered is whether Plaintiff had "available" administrative remedies which required him to continue through the two additional steps of the grievance process; that is, file a formal grievance and an appeal. "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must

exhaust available remedies, but need not exhaust unavailable ones." <u>Ross v. Blake</u>, 578 U.S. 632, 642, 136 S. Ct. 1850, 1858, 195 L. Ed. 2d 117 (2016). Thus, courts must apply the grievance statute "to the real-world workings of prison grievance systems." <u>Ross</u>, 578 U.S. at 643, 136 S. Ct. at 1859.

The Supreme Court has recognized that in some situations, "an administrative procedure is unavailable" to an inmate; that is, a grievance is "unavailable" when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." 578 U.S. at 643, 136 S. Ct. at 1859 (citing to <u>Booth v. Churner</u>, 532 U.S. 731, 736, 738, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001)). Arguably, the refusal to respond to a grievance makes it an unavailable process because officials decline to respond.

Plaintiff's response to the motion to dismiss contends that prison officials did not respond to his grievances. He indicates he did all he could do, but has no power to make prison officials provide a response.

Pursuant to the Department's Rules, if a prisoner has not "agreed in writing to an extension" of time for a response, "expiration of a time limit at any step in the process shall entitle the complainant to proceed to the next

step of the grievance process." FLA. ADMIN. CODE R. 33-103.011(4). The Rule specifically states that if an inmate has not agreed "to an extension of time at the central office level of review, he shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies." FLA. ADMIN. CODE R. 33-103.011(4).

In short, the grievance rules permit an inmate to proceed to the next step if a response is not timely received, but they do not require the inmate to do so. This Court has so held previously. See Rivera v. Kyer, No. 4:20cv532-WS-MAF, 2021 WL 4755631, at *6 (N.D. Fla. Aug. 30, 2021), report and recommendation adopted sub nom. Rivera v. Kyer, No. 4:20cv532-WS-MAF, 2021 WL 4745646 (N.D. Fla. Oct. 12, 2021).

> The fact that an inmate is "entitled" to take an action is distinguishable from the word "required." Entitlement connotes a right or privilege, but it is not mandatory. Plaintiff could have proceeded to the next step, but he was not required to do so.

Rivera, 2021 WL 4755631, at *6.

Here, Plaintiff argues that his grievance efforts met with a "dead end." He has said that he filed 4 informal grievances but never received a response. In this scenario, based on the information presented, it must be concluded that Plaintiff dd not have an available grievance process to

Case No. 4:23cv273-MW-MAF

exhaust. Consistent with the guidance of the Court in Ross v. Blake, the motion to dismiss should be denied as to the exhaustion issue, and Plaintiff permitted to proceed even though he did not complete all steps of the grievance process. 578 U.S. at 648, 136 S. Ct. at 1862.

**Eleventh Amendment**

Defendant was sued in both his individual and official capacities, and Plaintiff seeks monetary damages from the Defendant. Defendant argues that he is entitled to immunity from suit pursuant to the Eleventh Amendment. ECF No. 27 at 5. Plaintiff did not respond to this aspect of the motion to dismiss. ECF No. 29.

Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky, 473 U.S. at 169, 105 S. Ct. at 3107 (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S. Ct. at 3107; *see*

Page 14 of 17

*also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).

The first two exceptions to Eleventh Amendment immunity are through waivers of sovereign immunity.  *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986).  Waiver may be either by the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment.  Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S. Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to abrogate States' immunity.").  "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."  Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 254, 131 S. Ct. 1632, 1638, 179 L. Ed. 2d 675 (2011).  Congress did not abrogate a state's immunity when enacting § 1983, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed.

2d 662 (1974), nor has Florida waived its immunity and consented to suit in federal court under § 1983.  Gamble, 779 F.2d at 1520.

The third exception to Eleventh Amendment immunity is through Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908).  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court).  Sandoval v. Hagan, 197 F.3d 484, 492 (11th Cir. 1999) (citing Summit Med. Assoc. v. Pryor, 180 F.3d 1326, 1336-38 (11th Cir. 1999).  The Ex parte Young exception holds that a state official who enforces state law which conflicts with the superior authority of the federal Constitution is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct."  Stewart, 563 U.S. at 254, 131 S. Ct. at 1638. Accordingly, determining whether this exception applies requires answering a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  563 U.S. at 255, 131 S. Ct. at 1639 (citations omitted).

Here, Plaintiff's complaint does not allege ongoing conduct.  ECF No. 11.  The complaint focuses entirely on an isolated event from July 2022.

Therefore, Plaintiff's excessive force claim, brought against Defendant Raynard in his official capacity pursuant to 42 U.S.C. § 1983, should be dismissed. Doing so still leaves the Eighth Amendment individual capacity claim and the state law claim for assault and battery.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Raynard's motion to dismiss, ECF No. 27, be **GRANTED in part and DENIED in part**. Plaintiff's official capacity claim should be dismissed, but the motion to dismiss should otherwise be **DENIED**, Defendant required to file an answer to the complaint, and this case should be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**